UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 18-cr-10450-MLW |
| JONATHAN TERCERO YANES | |

### JONATHAN TERCERO YANES' RESPONSE TO COURT ORDER AT 807

The defendant, Jonathan Tercero Yanes, submits the following response to the Court's Order at Docket 807, keeping numbers from Court's Order for clarity:

4 (a): Mr. Tercero consents to videoconference, and waives his right to be in-person, for a portion of the contemplated sentencing proceedings. Specifically, he consents to a hearing with his co-defendants wherein the Court will hear arguments to determine Guideline Sentencing Ranges, or at least that portion of the argument related to Offense Conduct Score. Mr. Tercero also believes that the presentation of comparative sentencing data, and the governments expected reply, are common to all defendants and would be ripe for discussion during a video hearing. Finally, he would consent to a common presentation of academic or scientific information presented in various sentencing pleadings and any rebuttal by the United States. This consent is meant to comport with what Mr. Tercero believes the Court will receive from the his co-defendants and consistent with the forthcoming answer of the United States on this issue of calculating Offense Conduct Scores. Mr. Tercero understands the government will propose a consecutive sequence for arguments about each defendants Offense

Conduct the most controversial issues and thus he suggests others capable of such arguments should precede him.

 Mr. Tercero does not waive his right to be in-person for argument on §3553 factors individualized to him, allocution, or pronouncement of sentence. Mr. Tercero waives speedy trial rights until the proposed in-person hearing becomes feasible but requests this waiver be subject to renewal if the delay exceeds 90 days from the date of this reply.

4 (b): Mr. Tercero does not make any objection that would lower his Guideline Sentencing Range.

4 (c): the defendant is not implicated in most of the topics calling for reply in 4(c) of this Court's Order. To the extent the government intends to rely on the transcript of CW-19 testimony wherein the government asked leading questions about Mr. Tercero verbal assent to participate in the murder of Herson Rivas, Mr. Tercero does not object to the Court considering that testimony without confrontation but reserves the right to argue the reliability of that accusation.

4 (d): Mr. Tercero is not implicated in the Lainez murder and defers to his co-defendants' arguments related to that topic.

4 (e): Mr. Tercero does not seek to call any witnesses but reserves the right to examine any government witness or witness for any co-defendant.

4 (f): As discussed at the January 12, 2022 hearing, Mr. Tercero's counsel has a conflict on February 10, 2022. In the matter of United States v. Sakallah (20-cr-00336-GTS), counsel and his client have been ordered to appear in-person for a Bail Review on

February 10, 2022, before the Honorable Glen Suddaby, Chief Justice of the United

States District Court for the Northern District of New York. This is a criminal matter

based in Albany New York, where the defendant has pled guilty and awaits sentencing.

Counsel has a second conflict on February 16, 2022, at 2pm. In the matter of

United States v. Artiles Taveras (17-cr-10212-GAO), counsel has a Rule 11 Hearing

before the Honorable George O'Toole in this district.

Respectfully Submitted,

*/s/Leonard E. Milligan III*
Leonard E. Milligan III
BBO 668836
Milligan Rona Duran & King LLC
50 Congress Street-Suite 600
Boston, MA 02109
t. 617.395.9493
f. 617.395.5525
e. lem@mrdklaw.com
*Counsel for Jonathan Tercero Yanes*

CERTIFICATE OF SERVICE

I, Leonard E. Milligan III, hereby certify that this document will be sent electronically to
the all parties via ecf filing
.

Date January 21, 2022                    /s/Leonard E. Milligan III
                                         Leonard E. Milligan  III